CORRUGATED CONTAINER COMPANY, Plaintiff-Appellee,
v. DICKERSON et, Defendants-Appellants.

Ohio Appeals, Tenth District, Franklin County.

No. 6375.   Decided August 12, 1960.

*Messrs. McConnaughey, McConnaughey & Stradley* and
*Messrs. Vorys, Sater, Seymour & Pease,* for plaintiff-appellee.
*Mr. Mark McElroy,* attorney general, *Mr. John F. O'Brien,*
chief counsel, and *Mr. John A. Hoskins,* assistant attorney gen-
eral, for defendants-appellants.

(MCLAUGHLIN, J., of the Fifth Appellate District, sitting by
designation in the Tenth District.)

BRYANT, P. J. In the Court of Common Pleas of Franklin County the judgment in a declaratory judgment action held invalid and void the attempt made by the 103rd General Assembly of Ohio in 1959 to increase from sixty-six and two-thirds percent to one hundred percent the share of the administrative costs of workmen's compensation paid out of the state insurance fund.

The suit was filed by the Corrugated Container Company, appellee herein, which described itself as having been in the manufacturing business for thirty-eight years. The defendants were the Industrial Commission of Ohio, the Administrator of the Bureau of Workmen's Compensation, the Attorney General of Ohio and the Treasurer of State, appellants herein.

In 1953 the General Assembly of Ohio enacted House Bill No. 105 (125 Ohio Laws, page 506), which, among other things, enacted supplemental Section 4123.341, Revised Code, having to do with administrative costs and their payment. Section 4123.341, supra, Revised Code, contains the following language:

"It is hereby declared that one-third of said administrative costs should be paid from general revenue in order to discharge the state's obligation * * *."

This section is in full force and effect today and has not been amended or repealed since its enactment in 1953.

The 103rd General Assembly of Ohio enacted Am. Sub. House Bill No. 831, effective June 30, 1959, to make general appropriations for the operation of state government during the two year period beginning July 1, 1959, and ending June 30, 1961. Included in that bill are appropriations for services rendered in connection with workmen's compensation amounting to $400,000 to the Attorney General of Ohio, $46,000 to the Treasurer of State, $7,589,505 to the Bureau of Workmen's Compensation and $1,121,281 to the Industrial Commission of Ohio.

In the 1959 appropriation bill following the appropriations to the Attorney General, the Treasurer of State, the Bureau and the Commission are directions with reference to the payment of administrative costs which are in direct conflict with Section 4123.341, supra, Revised Code. The effect of the language used in the three places in the appropriation bill are substan-

tially the same. We shall quote the language found following the appropriations to the Bureau and Commission as follows:

"The State Insurance Fund shall pay into the general fund, one-fourth of the amount of the appropriations for the industrial commission and the bureau of workmen's compensation for each fiscal year on or before August 15, November 15, February 15 and May 15 of each fiscal year. The amount of any unencumbered balances remaining in such appropriations as of June 30, 1961, shall be reimbursed to the state insurance fund from the general fund."

It seems obvious that if the state insurance fund follows the language found in the 1959 appropriation bill, above quoted, the fund will have paid one hundred percent of the administrative costs. By so doing, it will have violated the provisions of Section 4123.341, supra, Revised Code.

The Attorney General advised the Industrial Commission that it should follow the 1959 amendments but that they would be effective only for a period of two years. The Commission by a two to one vote adopted a resolution giving effect to the 1959 amendment made by the Ohio General Assembly. The judgment of the court below set this aside and invalidated the 1959 provisions.

It seems clear to us that the General Assembly of Ohio in the exercise of the legislative power given to it by the Constitution of Ohio is under a duty to exercise that power in the manner provided in the Constitution. It also seems to us that the General Assembly has failed to observe at least one important rule and as a result, the present confusion has arisen. In Section 16 of Article II of the Constitution of Ohio, it is provided in part as follows:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and *no law shall be revived, or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.*" (Emphasis added.)

It seems to us that the above constitutional provision was completely ignored with the result that Section 4123.341, supra, Revised Code, was neither amended nor repealed, but, on the contrary, is in full force and effect today. From this it would

340

seem to follow that the attempted amendment by insertion of new language in House Bill No. 831 in 1959 is ineffective, null and void. We have considered the briefs, arguments of counsel and the opinion of Judge Myron B. Gessaman of the Common Pleas Court of Franklin County, and, in our opinion, the several assignments of error are not well taken and must be overruled and the judgment of the trial court affirmed.

DUFFY and McLAUGHLIN, JJ., concur.